**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Frank Walker | : | Case No. 3:06 CV 1428 |
| Plaintiff, | : | |
| vs. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties have consented to the jurisdiction of the undersigned Magistrate for entry of final judgment in this case pursuant to 28 U.S.C. § 636 (c) (1). Pending is Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 28) and Defendant's Response (Docket No. 29). For the reasons set forth below, Plaintiff's Motion for Attorney Fees is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed an application for Title II disability insurance benefits on March 7, 2002, alleging that he had been disabled since December 10, 2001 (Tr. 72-74). Such application was denied initially and upon reconsideration (Tr. 49-52, 54-56). Plaintiff requested a hearing before an Administrative Law Judge (ALJ) (Tr. 57). On May 23, 2005, an administrative hearing was held before ALJ K. Michael

Foley. Plaintiff, unrepresented by counsel, Lynn Kaufman, Vocational Expert (VE), and Dr. Jonathan Nusbaum, Medical Expert (ME), appeared and testified (Tr. 381). The ALJ issued an unfavorable decision on August 1, 2005 (Tr. 18, 21-30). On December 10, 2005, the Appeals Council affirmed the ALJ's decision thereby rendering the ALJ's decision the final one of the Commissioner (Tr. 13-15).

On April 15, 2006, the Appeals Council set aside its earlier action of December 10, 2005, to consider additional information. After consideration of such information, Plaintiff's request for review was denied (Tr. 7-9). This Court reversed and remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), to (1) obtain the complete medical records of Drs. Ellis, Duggan and Morgan, (2) consider, based on the record as a whole, including the records of Drs. Ellis, Duggan and Morgan, if Plaintiff was entitled to a period of disability under Section 216(i) and 223 of the Act and (3) complete the step five sequential evaluation by determining if there were other jobs existing in the national economy that Plaintiff could perform. Plaintiff filed a Motion for Attorney Fees.

## **EAJA STANDARD FOR AWARDING FEES**

EAJA provides for an award of reasonable attorney fees and other expenses of a prevailing party in litigation against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (Thomson/West 2008). Allowable fees and expenses include, *inter alia*, reasonable expenses of expert witnesses, reasonable costs of any study, analysis or project deemed necessary for the preparation of the party's case, and reasonable attorney fees. 28 U.S.C. § 2412 (d) (2)(A) (Thomson/West 2008). Attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412 (d)(2)(A) (Thomson/West 2008).

A prevailing party under the EAJA is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Kelly v. Secretary, United States Department of Housing and Urban Development on Behalf of Staples,* 97 F.3d 118, 123 (6th Cir. 1996). (*citing Kreimes v. Department of Treasury,* 764 F.2d 1186, 1188 (6th Cir. 1985) (citations omitted)). To gain *prevailing*-party status, a party must secure an enforceable judgment on the merits or court-ordered consent decree that " 'create[s] the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.' " *Veltkamp v. Commissioner of Social Security*, 531 F. Supp.2d 810, 812 (W. D. Mich. 2007) (*citing Marshall v. Commissioner of Social Security,* 444 F.3d 837, 840 (6th Cir.2006) (Griffin, J.) (*quoting Buckhannon Board & Care Home Incorporated v. West Virginia Department of Health & Human Resources,* 121 S.Ct. 1835 (2001) (*quoting Texas State Teachers Association v. Garland Independent School District,* 109 S.Ct. 1486, 1493 (1989)). An individual does not become a "prevailing party" simply because he or she obtained a remand for further proceedings before the agency from which he or she appealed. *Kelly*, *supra*, (*citing Sullivan v. Hudson,* 109 S. Ct. 2248, 2255-2256 (1989)).

The Supreme Court held that "substantially justified" means " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Delta Engineering v. United States*, 41 F.3d at 261 (*citing Pierce v. Underwood*, 108 S. Ct. 2541, 2550 (1988)). To be substantially justified, the government's position must have a "reasonable basis both in law and fact," and be more reasonable than "merely undeserving of sanctions for frivolousness." *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 258 (N. D. Ohio 1995) (*citing Pierce*, 108 S.Ct. at 2550). Whether the government is substantially justified is determined on the basis of the record which is made in the civil action for which fees and expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson/West

2008).

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983). Billing judgment should be exercised with respect to the hours worked and the applicant should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id.*

## **DISCUSSION**

Plaintiff claims that she is entitled to an award of attorney fees totaling $4,200. Defendant does not object to this request.

The court must consider four requirements before making an award of attorney fees. First, is the fee applicant a prevailing party. Second, was the government's position substantially justified. Third, whether special circumstances make an award unjust. Fourth, was the fee application properly filed within thirty days of final judgment. *Townsend v. Social Security Administration*, 486 F.3d 127, 129 -130 (6th Cir. 2007) (*citing Commissioner, INS v. Jean*, 110 S. Ct. 2316, 2318-2319 (1990)).

In this case, Plaintiff has met all of the criteria of this four-part test. First, Plaintiff obtained this Court's judgment reversing the Commissioner's decision and ordering that the Commissioner reconsider three significant issues critical to the determination of disability. Plaintiff has obtained prevailing party status.

Second, when viewed as a whole, the government's position was not substantially justified. Under its own rules, the ALJ must inquire on the record whether any conflicts exist between occupational evidence the VE provides and the information contained in the *Dictionary of Occupational Titles* including its companion United States Department of Labor publication, the *Selected Characteristics of*

*Occupations Defined in the Revised Dictionary of Occupational Titles*. TESTIMONY OF A VOCATIONAL EXPERT, HALLEX I-2-6-74 (September 2, 2005).  The ALJ must identify and obtain a reasonable explanation for any such conflict and then explain in the decision how any identified conflict has been resolved. TESTIMONY OF A VOCATIONAL EXPERT, HALLEX I-2-6-74 (September 2, 2005) (*citing* SOC. SEC. R. 00-4p).

In the underlying administrative hearing, the VE made conclusions regarding the jobs that Plaintiff could perform in the national economy.  The VE failed, however, to identify the source of such conclusions.  Consequently, the ALJ was unable to identify and obtain a reasonable explanation for any such conflict or explain in the decision the resolution.

The ALJ erred in relying on the Grid after finding that Plaintiff suffered from depression.  It is well established that because the ALJ found that Plaintiff suffered from a non-exertional impairment, he could not rely on the Grid in determining whether there were jobs in the national economy that Plaintiff could perform. *Kirk v. Secretary of Health and Human Services*, 667 F. 2d 524, 535, (6th Cir. 1981) *cert. denied*, 103 S. Ct. 2428 (1983).  The record inaccurately reflects whether there were jobs in the national economy that Plaintiff could perform given his impairments.

Additionally, the ALJ breached his duty to fully develop the record.  *See Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1051 -1053 (6th Cir. 1983).  That duty was elevated to a heightened level of care because Plaintiff was unrepresented by counsel in the administrative proceeding. *Id*. (*citing Smith v. Harris,* 644 F.2d 985, 989 (3rd Cir. 1981)).  In the underlying administrative procedure, the ALJ failed to obtain medical records from Drs. Ellis, Duggan and Morgan.  Their reports are probative of the severity of Plaintiff's impairments.

The Magistrate is not persuaded that there was substantial justification for failing to comply with

the government's own regulations as they relate to these issues. In fact, Defendant has failed to present an explanation for failing to follow its own administrative rulings. Accordingly, the criterion for the second prong of the test has been satisfied.

Third, Defendant does not argue that there are special circumstances which would make the award in this case unjust. Upon review of the record, the Magistrate does not find that special circumstances exist that would make the award unjust.

Finally, Plaintiff's motion for fees is timely filed. Under sentence four of § 405(g), a district court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g) (Thomson/West 2008). Under this sentence, the final judgment is entered at the time of remand, so the filing period for EAJA fees begins after the final judgment affirming, modifying or reversing the decision is entered by the court and the appeal period has run. *Kling v. Secretary of Dept. of Health & Human Services of United States*, 790 F. Supp. 145, 149 (N. D. Ohio 1992) (*citing Melkonyan v. Sullivan,* 111 S.Ct. 2157, 2165 (1991); *cf. Sullivan v. Finkelstein,* 110 S.Ct. 2658 (1990)). A party seeking an award of fees under EAJA must submit his or her application for fees within thirty days of the final judgment. 28 U. S. C. § 2412(d)(1)(B) (Thomson/West 2008). Plaintiff filed her motion for attorney fees within the thirty days after the final judgment was entered.

Having determined that Plaintiff is entitled to an award of attorney fees, the next issue is whether the fees requested are reasonable. EAJA authorizes an award of reasonable fees based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor justifies a higher fee. 28 U. S. C. § 2412(d)(2)(A) (Thomson/West 2008). Once the

6

number of hours reasonably expended has been tabulated, a reasonable attorney's fee for a successful social security claim is determined by multiplying that reasonable hourly rate by the number of hours reasonably expended on the litigation.  *Hensley, supra*, 103 S.Ct. at 1939.

The Magistrate has reviewed the time entries submitted by Plaintiff and finds that counsel expended 33.6 hours in the matter.  Such time sheets represent time spent on conducting legal research, preparing a brief and supporting documents related to obtaining a remand upon judicial review.  In other cases filed in this Court for which an award of attorney fees was ordered, counsel expended an average of 25.37 hours to prepare a case for judicial review.  *See Hunt v. Chater,* Case No. 96 CV 7430, *Carr v. Secretary of Health and Human Services*, Case No. 97 CV 7515, *McMillian v. Commissioner,* Case No. 96 CV 7500, *Shepherd. v. Apfel*, Case No. 97 CV 7352 and *Weaver F. Massanari*, Case No. 99 CV 7768.  However, this case presented more complexities since counsel did not represent Plaintiff during the administrative procedure.  Under these circumstances, the increase of 8.23 hours over the time traditionally spent on such cases is reasonable.

For these reasons, Plaintiff's Motion for Attorney Fees is granted and she is awarded $4,200 in attorney fees.

**IT IS SO ORDERED.**

> /s/ Vernelis K. Armstrong
> Vernelis K. Armstrong
> United States Magistrate Judge

Date:   April 14, 2008